IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JULIA MONTOYA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-1594-D-BN |
| | § | |
| NANCY A. BERRYHILL, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**AMENDED FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Julia Montoya seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g).

The undersigned entered Findings, Conclusions, and Recommendation on July 11, 2017, advising that the hearing decision should be reversed and remanded.

Although neither party has filed objections to them, the undersigned WITHDRAWS his July 11, 2017 Findings, Conclusions, and Recommendation.

For the reasons explained below, the undersigned, once again, concludes that the hearing decision should be reversed and remanded.

**Background**

Ms. Montoya alleges that she is disabled due to a variety of ailments. After her application for disability insurance benefits was denied initially and on reconsideration, Ms. Montoya requested a hearing before an administrative law judge ("ALJ"). That hearing was held on July 28, 2014. At the time of the hearing, Ms.

1

Montoya was 53 years old. She is a high school graduate and has past work experience as a dental assistant and childcare provider. Ms. Montoya has not engaged in substantial gainful activity since December 31, 2010.

The ALJ found that Ms. Montoya was not disabled and therefore not entitled to disability benefits. Although the medical evidence established that Ms. Montoya suffered from diabetes, hypothyroidism, glaucoma, and depression, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Ms. Montoya had the residual functional capacity ("RFC") to perform a wide range of light work but could not return to her past relevant employment. Relying on a vocational expert's testimony, the ALJ found that Ms. Montoya was capable of working as an assembler, packer, and hardware assembler – jobs that exist in significant numbers in the national economy. Given her age, education, and exertional capacity for light work, the ALJ determined that Ms. Montoya was not disabled under the Medical-Vocational Guidelines.

Ms. Montoya appealed that decision to the Appeals Council. The Council affirmed.

Ms. Montoya then filed this action in federal district court. In a single ground for relief, Ms. Montoya contends that the ALJ's finding as to her RFC is not supported by substantial evidence because it is not supported by a medical opinion that discusses the effects her conditions had on her ability to work. *See* Dkt. No. 13 at 9.

The undersigned concludes that the hearing decision should be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with these findings and conclusions.

**Legal Standards**

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

"In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive

and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show

that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

Ms. Montoya argues that the ALJ's determination as to her RFC is not supported by the opinion of a treating or examining physician and is therefore not supported by substantial evidence. She further contends that this error is material – that is, one that might have changed the ALJ's determination. As evidence that the ALJ could and would rule differently on remand, Ms. Montoya newly proffers evidence from an examining physician that is inconsistent with the ALJ's RFC.

In response, the Commissioner maintains that the ALJ's conclusions are supported by substantial evidence. The Commissioner further argues that Ms. Montoya is not allowed to proffer this new evidence and has therefore failed to demonstrate that any error the ALJ may have made was material.

For the reasons explained below, the undersigned concludes that the ALJ materially erred by determining Ms. Montoya's RFC without considering the opinion of a treating or examining physician.

I. <u>The ALJ's RFC determination is not supported by substantial evidence.</u>

The Commissioner does not appear to dispute that the ALJ determined Ms. Montoya's RFC based on his own interpretation of the medical records – without the assistance of a treating or examining physician. *See* Dkt. No. 14 (the Commissioner not once disputing in her response brief that the ALJ did not consider a treating or examining physician's opinion when determining the claimant's RFC).

She, instead, contends that "the Agency issued a ruling over a decade ago" that allows the ALJ to do so. She specifically contends that SSR 96-5P provides that "requiring an ALJ's RFC to be based on the opinion of a medical source 'would, in effect, confer upon the source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled.'" Dkt. No. 14 at 7 (quoting SSR 96-5p).

The undersigned cannot accept the Commissioner's interpretation of SSR 96-5P. The passage that the Commissioner selectively quotes states:

> The regulations provide that the final responsibility for deciding issues such as these is reserved to the Commissioner.
>
> Nevertheless, our rules provide that adjudicators must always carefully consider medical source opinions about any issue, including opinions about issues that are reserved to the Commissioner. For treating sources, the rules also require that we make every reasonable effort to recontact such sources for clarification when they provide opinions on issues to the Commissioner and the bases for such opinions are not clear to us.
>
> However, treating source opinions that are reserved to the Commissioner are never entitled to controlling weight or special significance. Giving controlling weight to such opinions would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled

SSR 96-5.

In other words, SSR 96-5P does not stand for the proposition that an ALJ can determine the claimant's RFC without considering the opinion of an examining or treating physician. Rather, it requires an ALJ to "always carefully consider medical

7

source opinions" as part of his or her determination – even if he or she is not required to give any of these particular opinions controlling weight. *See id.*

Further, the United States Court of Appeals for the Fifth Circuit has explained that "[t]he ALJ has a duty to develop the facts fully and fairly relating to an applicant's claim for disability benefits." *Ripley*, 67 F.3d at 557. This usually includes "request[ing] a medical source statement describing the types of work that the applicant is still capable of performing" despite his or her ailments. *Id.*; *see also* SSR 96-5P (defining "medical source statements" as "medical opinions submitted by acceptable medical sources, including treating sources and consultative examiners, about what an individual can still do despite a severe impairment(s), in particular about an individual's physical or mental abilities").

But the record may still be complete. "In a situation such as the present one, where no medical statement has been provided, our inquiry focuses upon whether the decision of the ALJ is supported by substantial evidence in the existing record." *Ripley*, 67 F.3d at 557.

In *Ripley*, the United States Court of Appeals for the Fifth Circuit found that the ALJ's determination was not substantially supported where there was evidence in the record indicating that the claimant suffered from and received treatment for his medical condition and no evidence that established how that condition impacted the claimant's ability to work. *See id.*

8

The same is true here. The evidence in the record establishes that Ms. Montoya suffers from depression, that this condition is "severe," that she "has been treated" for this condition, and that it "can limit her to doing simple instructions and limit her ability to deal with people." *See* Tr. at 23-24. That is, the evidence establishes that Ms. Montoya "suffered from an affective disorder that, at least in some respects," was likely to affect her ability to work. *See Fitzpatrick v. Colvin*, No. 3:15-cv-3202-D, 2016 WL 1258477, at *8 (N.D. Tex. March 31, 2016) (finding this as a basis to determine that the claimant was prejudiced due to a "*Ripley* error").

"What the record does not clearly establish is the [actual] effect [Ms. Montoya's] condition had on [her] ability to work." *See Ripley*, 67 F.3d at 557.

The ALJ cites to Ms. Montoya's examination results, medical history, and work history to explain why he does not find her statements as to her ability to work credible. This is not sufficient. These documents may speak to Ms. Montoya's symptoms at a few moments in time. But, on their own, they do not speak to "the effect [Ms. Montoya's] condition had on [her] ability to work." *See id.* at 557-58.

And it is improper for the ALJ to infer what Ms. Montoya's capabilities to work are based on his own interpretation of these records – at least without the assistance of an examining or treating physician. *See id.* at 557 n.27 ("Without reports from qualified medical experts, however, we cannot agree that the evidence substantially supports the conclusion that Ripley was not disabled because we are unable to

9

determine the effects of Ripley's condition, no matter how 'small,' on his ability to perform sedentary work.").

The Fifth Circuit has explained that, as a non-medical professional, the ALJ is not permitted to "draw his own medical conclusions from some of the data, without relying on a medical expert's help." *Frank v. Barnhart*, 326 F.3d 618, 621-22 (5th Cir. 2003). The Court of Appeals reasons that "'[c]ommon sense can mislead'" and "'lay intuitions about medical phenomena are often wrong.'" *Id.* (quoting *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990)).

Courts have therefore consistently found that an ALJ's RFC determination is not supported by substantial evidence when the ALJ has failed to either elicit or take into account the opinion of a treating or examining physician. *See Ripley*, 67 F.3d at 557-58; *Williams v. Astrue*, 355 F. App'x 828, 832 (5th Cir. Dec. 10, 2009) ("the ALJ impermissibly relied on his own medical opinions as to the limitations presented by 'mild to moderate stenosis' and 'posterior spurring' to develop his factual findings."); *Butler v. Barnart*, 99 F. App'x 559, 560 (5th Cir. June 2, 2004) ("There was no medical opinion or evidence submitted reflecting that, after Butler had two and one-half toes amputated from his left foot, he could perform work requiring standing or walking for six-hour periods during an eight-hour work day. Thus, there was not substantial medical evidence in the record to support the ALJ's determination."); *Tyler v. Colvin*, No. 3:15-cv-3917-D, 2016 WL 7386207, at *5 (N.D. Tex. Dec. 20, 2016) ("the ALJ impermissibly relied on his own medical opinion to develop his RFC determination.").

And, while there appears to be some evidence as to Ms. Montoya's ability to work from state agency medical consultants, the ALJ does appear not discuss these findings when determining Ms. Montoya's RFC in light of her mental and physical ailments. *See* Tr. at 25-27 (only discussing an unidentified "DDS physical assessment" that he does not give full weight). As a result, it is improper to affirm the ALJ's opinion based on this evidence. *See Copeland*, 771 F.3d at 923 (citations omitted) (explaining that courts "may affirm only on the grounds that the Commissioner stated for his decision").

The state agency physicians also did not treat or examine Ms. Montohya. The ALJ consequently could not wholly defer to their opinions to determine how Ms. Montoya's severe depression impacted her ability to work – even if he had sought to do so. *See Villa v. Sullivan*, 895 F.2d 1019, 1023-24 (5th Cir. 1990) (explaining that the reports of non-examining physicians do not provide substantial evidence when "the reports of non-examining physicians constitute the sole medical evidence presented" or "when a non-examining physician makes specific medical conclusions that either contradict or are unsupported by findings made by an examining physician"); *Fitzpatrick*, 2016 WL 1258477 at *8 (finding that the ALJ "improperly made an independent RFC finding" as to "the effects of [the claimant's] mental impairments on [her] ability to work" where "other than the opinions of the two [state agency medical consultants]," there was no evidence in the record as to the claimant's ability to work despite his impairments).

For these reasons, the ALJ erred by failing to consider the opinion of a treating or examining physician to help him determine Ms. Montoya's RFC.

II.  The ALJ's failure to consider the opinion of a treating or examining physician to help him determine Ms. Montoya's RFC is material.

"[F]ailure to adhere to the procedures proscribed by the Social Security regulations is generally sufficient grounds for reversal and remand of an administrative decision." *Alejandro v. Barnhart*, 291 F. Supp. 2d 497, 515 (S.D. Tex. 2003) (citing *Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir. 1987)). But such a failure does not necessarily dictate a remand for further review. The Court will affirm the ALJ's decision if the ALJ's error is harmless but remand if the claimant was prejudiced due to that error. *See id.* A claimant establishes prejudice by showing that the ALJ could have reached a different outcome but for the error in question. *Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000).

Here, the ALJ erred by determining Ms. Montoya's RFC without the benefit of a treating or examining physician's opinion. And the ALJ determined that Ms. Montoya could perform jobs that exist in significant numbers in the national economy based on his perception of her RFC. *See* Administrative Record [Dkt. No. 8] ("Tr.") at 29; *see also Kneeland v. Berryhill*, 850 F.3d 749, 762 (5th Cir. 2017) (noting that an improper RFC determination, "in turn, would likely have affected the jobs available at step five of the sequential evaluation process, and [the claimant] may have been found disabled").

The undersigned is consequently only able to determine that the ALJ's error was harmless by concluding either that: (1) any treating or examining physician who was asked to weigh in on Ms. Montoya's ability to work would necessarily agree with the

12

ALJ's conclusions as to her capabilities or (2) the ALJ could and would have reached the same conclusion even if a treating or examining physician disagreed with that assessment.

The undersigned is unable to determine either in this case.

First, as one who is not a medical professional, the undersigned will not presume to know what medical determination a treating or examining physician would make. *See Frank*, 326 F.3d at 621-22 (noting a judge is not permitted to "draw his own medical conclusions from some of the data, without relying on a medical expert's help"). Nor will the undersigned speculate as to how the ALJ would ultimately weigh that evidence against the evidence he has already considered. *See Newton*, 209 F.3d at 452 ("'Conflicts in the evidence are for the [Commissioner] and not the courts to resolve.'" (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)); *Rayson v. Berryhill*, No. 3:16-cv-334-G-BN, 2017 WL 1088335 at *6 (N.D. Tex. March 3, 2017) ("[B]ecause the ALJ categorically excluded the MCMI-III test results, to affirm, the undersigned would have to make findings on how the ALJ would treat the contrary evidence that the Commissioner references. But [the undersigned] will not speculate as to what decision the ALJ would reach." (internal quotations and citations omitted)), *rec. accepted*, 2017 WL 1078617 (N.D. Tex. March 22, 2017).

Second, Ms. Montoya has, in fact, proffered new evidence from an examining physician that would allow the ALJ to reach a different conclusion as to her RFC. Ms. Montoya has specifically submitted evidence from an examining physician that speaks

to the limitations that Ms. Montoya would face despite her ailments. *See* Tr. at 621-24 (interrogatory responses from an examining physician); Tr. at 625-633 (psychological evaluation from examining physician).

The Fifth Circuit has explained that "[n]ew evidence may be grounds for remand if it is material; this materiality inquiry requires determining whether the evidence relates to the time period for which the disability benefits were denied, and whether there is a reasonable probability that the new evidence would change the outcome of the Commissioner's decision." *Castillo v. Barnhart*, 325 F.3d 550, 551 (5th Cir. 2003) (citing *Ripley*, 67 F.3d at 555); *see also* 20 C.F.R. § 416.1470(b) (providing that "if new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date the administrative law judge hearing decision").

Ms. Montoya's newly proffered evidence may serve as grounds for remand here.

Contrary to the Commissioner's suggestion otherwise, *see* Dkt. No. 14 at 6, the evidence "relates to the time period for which the disability benefits were denied." *Castillo*, 325 F.3d at 552. The examining psychologist who filled out the evaluation expressly provides that it would be "reasonable to medically infer the limitations assessed in this form existed to the degree indicated above since at least December 31, 2010," *see* Tr. at 624, which is Ms. Montoya's purported onset date, Dkt. No. 13 at 9.

There is also "a reasonable probability that the new evidence would change the outcome of the Commissioner's decision" as to Ms. Montoya's RFC. The ALJ concluded

14

that Ms. Montoya "can understand, remember and carry out 1-3 step instructions and have occasional contact with supervisors, co-workers, and the public" largely based on his belief that the medical records did not support the more severe psychological conditions that Ms. Montoya complained of. *See* Tr. at 25-28. The newly proffered evidence appears to contradict some of these findings, *see* Tr. at 621-24 (finding that Ms. Montoya had marked limitations maintaining her focus and interacting with co-workers), or adds new limitations that the ALJ does not appear to have considered, *see id.* at 624 (finding that Ms. Montoya had extreme limitations coping with usual work stresses and changes). The ALJ thus could have reached a different conclusion as to Ms. Montoya's RFC if he decided to give this evidence weight. "This, in turn, would likely have affected the jobs available at step five of the sequential evaluation process, and [Ms. Montoya] may have been found disabled." *Kneeland*, 850 F.3d at 762.

For these reasons, the Court should conclude that the ALJ materially erred by determining Ms. Montoya's RFC without the benefit of a treating or examining physician's opinion.

## Recommendation

The Court should grant Plaintiff Julia Montoya's Motion for Summary Judgment [Dkt. No. 12] and deny the Commissioner's Cross-Motion for Summary Judgment [Dkt. No. 14]. As a result, the hearing decision should be vacated and this case remanded to the Commissioner of Social Security for further proceedings consistent with these findings and conclusions.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 1, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE