IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JULIA M., § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| V. § | No. 16-cv-1594-D-BN | |
| § | | |
| ANDREW SAUL, Commissioner of § | | |
| Social Security, § | | |
| § | | |
| Defendant. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Julia M.'s counsel Michael T. Kelly has filed a Motion for Attorney Fees Under Section 406(b) of the Social Security Act. *See* Dkt. No. 29.

Senior Judge Sidney A. Fitzwater has referred this matter to the undersigned United States magistrate judge for recommendation.

For the reasons explained below, the Court should grant the motion.

**Background**

Plaintiff's counsel explains that he

> represented Plaintiff ... in the underlying claim for Disability Insurance Benefits under the Social Security Act in this case. This Court entered a Judgment on August 31, 2017 remanding Plaintiff's case to the Commissioner of Social Security (hereafter "Commissioner") for further administrative proceedings. The Commissioner subsequently issued a fully favorable decision finding Plaintiff disabled beginning December 31, 2010. The Court granted an Extension of Time in which to file this motion. The Commissioner later issued award notices outlining the amounts for past-due benefits.
> ....
> Kelly received notice from the Social Security Administration certifying that the past due benefits awarded in this case were $73,865.00 for the Plaintiff (*See* Award notice, attached hereto as Exhibit A). Kelly

> is precluded from seeking, and the court may not approve more than $17,243.90 under 42 U.S.C. § 406(b)(1) for legal services performed on Plaintiff's behalf at the federal court level. Kelly is requesting for a fee of $17,243.90 for federal court services.
> ....
> Attached hereto as Exhibit B, is an itemized list of services performed by the attorneys in this case at the federal court level. The total hours of attorney services are 24.70 hours.

Dkt. No. 29 at 1, 2-3.

The Commissioner timely filed a response, *see* Dkt. No. 30, and the motion is now ripe for decision.

## Legal Standards and Analysis

"Sections 406(a) and 406(b) of the Social Security Act provide for the discretionary award of attorney's fees out of the past-due benefits recovered by a successful claimant in a Social Security action." *Murkeldove v. Astrue*, 635 F.3d 784, 787 (5th Cir. 2011). While Section 406(a) governs the award of attorneys' fees for representing a claimant in administrative proceedings, Section 406(b) governs the award of attorneys' fees for representing a claimant in court. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment....

42 U.S.C. § 406(b)(1)(A); *see also Murkeldove*, 635 F.3d at 788 (citing *Gisbrecht*, 535 U.S. at 800); *accord Jackson v. Astrue*, 705 F.3d 527, 531 (5th Cir. 2013) (holding that "§ 406(b) fees are authorized in cases where an attorney obtains a favorable decision

on remand").

Contingency fee agreements in Social Security cases are unenforceable to the extent that they provide for fees exceeding 25% of past-due benefits. *See Gisbrecht*, 535 U.S. at 807. Even when contingency fee agreements are within the statutory ceiling, Section "406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

The Commissioner explains that he is not the true party in interest but asks the Court to resolve the question of reasonableness. *See* Dkt. No. 30 at 1-2, 8. As the United States Court of Appeals for the Fifth Circuit has noted, the Commissioner has no direct financial stake in the fee determination; rather, his role resembles that of a "trustee" for the claimant. *Jeter v. Astrue*, 622 F.3d 371, 374 n.1 (5th Cir. 2010) (citing *Gisbrecht*, 535 U.S. at 798 n.6). Seeking a Court's review of the reasonableness of the fees sought is consistent with this role.

The reasonableness of attorneys' fees awarded pursuant to a fee-shifting statute is generally determined by using the lodestar method. *See Jeter*, 622 F.3d at 374 n.1. But, noting that Section 406(b) is not a fee-shifting statute, the United States Supreme Court has "explicitly rejected" the use of the lodestar method as the "starting point" in determining the reasonableness of a fee under this statute. *Gisbrecht*, 535 U.S. at 801. Instead, "lower courts [are] to give a contingency fee agreement 'primacy,'" although this will "in some instances result in an excessively high fee award." *Jeter*, 622 F.3d at 379.

The Court in *Gisbrecht* acknowledged that, "[i]f the benefits [resulting from a

3

contingency fee agreement] are large in comparison to the amount of time counsel spent on the case, a downward adjustment is ... in order [to disallow windfalls for lawyers]." 535 U.S. at 808. The Fifth Circuit has interpreted this language to mean that courts may still employ the lodestar method in determining whether a contingency fee constitutes a windfall but only if they "articulate additional factors demonstrating that the excessively high fee would result in an unearned advantage." *Jeter*, 622 F.3d at 379. For instance, a court may consider a reasonable hourly rate in its "windfall" assessment, "so long as this mathematical calculation is accompanied by consideration of whether an attorney's success is attributable to his own work or instead to some unearned advantage for which it would not be reasonable to compensate him." *Id.*

The Fifth Circuit has not prescribed an exhaustive list of factors to consider in determining whether a fee award is unearned. It has noted with approval several factors considered by lower courts, including "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Id.* at 381-82 (citing *Brannen v. Barnhart*, No. l:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004)).

The claimant's attorney bears the burden of persuasion on the reasonableness of the fees sought. *See Gisbrecht*, 535 U.S. at 807 n.17.

As to the first factor, courts have consistently recognized that "there is a substantial risk of loss in civil actions for social security disability benefits." *Charlton v. Astrue,* No. 3:10-cv-56-O-BH, 2011 WL 6325905, at *4 (N.D. Tex. Nov. 22, 2011)

4

(noting that, in the year 2000, only 35 percent of claimants who appealed their case to federal court received benefits), *rec. adopted*, 2011 WL 6288029 (N.D. Tex. Dec. 14, 2011); *see also Hartz v. Astrue*, No. Civ. A. 08-4566, 2012 WL 4471846, at *6 (E.D. La. Sept. 12, 2012) (collecting cases), *rec. adopted*, 2012 WL 4471813 (E.D. La. Sept. 27, 2012). And Mr. Kelly explains that, in these cases,

> the class-based risk of loss is substantial. Other things being equal, to make up for the risk of loss, an attorney would need to charge a winning client about 3.8 times the fee the attorney would have charged a client paying on a non-contingent basis. Plaintiff's individual case also had a substantial risk of loss, as reflected in the fact that the case had already been denied at four levels of agency review prior to the initiation of the civil action.

Dkt. No. 29 at 8.

As to the other factors, Mr. Kelly further explains that

> [t]he requested fee of $17,243.90 represents 23.3% percent of past-due benefits, and is reasonable given that Plaintiff recouped $73,865.00 in wrongfully-denied past-due benefits. By way of comparison, a typical contingent fee is one-third of the recovery. Also by way of comparison, a contingent-fee outside of the Social Security context is typically for the past and future value of the case. Here, by statute the attorney fee comes solely from past-due Title II benefits. 42 U.S.C. § 406(b)(1). Because Plaintiff will receive not only past-due benefits wrongly denied but also ongoing Title II benefits until he or she dies, reaches retirement age, or becomes no longer disabled, the value to the Plaintiff of this civil action is not limited to the past-due benefits he or she receives. Nor, in computing the amount of the 42 U.S.C. § 406(b) fee is the value of health care benefits attendant to the Title II benefits included. Thus, the value of this case to Plaintiff is much more than the past-due benefits received.
> ....
> Plaintiff's attorneys devoted considerable time and careful attention to Plaintiff's case. As shown in the attached record of hours expended, *Gisbrecht*, 122 S. Ct. at 1828, Plaintiff's attorneys spent a total of 24.70 hours on the civil litigation.
> Plaintiff's attorney acknowledges that the de facto hourly rate for the requested fee would be approximately between $609.32 per hour

5

> (actual time spent) and $698.13 per hour (requested time). Given the benefits obtained – $73,865.00 – and the 42 U.S.C. § 406(b) fee requested – $17,243.90 is not presumptively unreasonable. .... Looking at the fee agreement signed by [Plaintiff] (Exhibit C), it provides for an attorney fee of twenty-five (25) percent of the past-due benefits. In *Hensley v. Echerhart*, 461 U.S. 424, 436 (1983), the Supreme Court held that attorneys should recover a "fully compensatory fee" when the client receives "excellent results."
>
> The EAJA's statutory rate is not a just non-contingent rate; the statutory rate also has an artificial cap at $125.00 per hour augmented by an increase in the cost of living or other special factor. 28 U.S.C. § 2412(d)(2)(A) (cited in *Gisbrecht*, 122 S. Ct. at 1822).
>
> While Kelly has submitted other types of evidence showing that their non-contingent rate is $463.00, *Gisbrecht*, 122 S. Ct at 1828 (referring to a "statement of the lawyer's normal hourly billing charge for noncontingent-fee cases"), this also is not a market based rate for representation of individuals for Social Security Disability benefits.
>
> First, Kelly submits an affidavit showing the non-contingent hourly rate for him is currently $463.00, for non-Social Security matters. (Exhibit E) ....
>
> Second, Plaintiff's attorney submits a rate study showing that an attorney in Texas with his experience earned on average, $463.00 per hour on a non-contingent basis in the relevant local marketplace for legal services. (Exhibit F). However, it is not clear how this is helpful to the Court since Social Security cases are not reflected at a reported rate. Kelly has practiced law in this state for over 30 years.
>
> Looking at the substantial risk of loss and the quantified hourly non-contingent rates shows that a range of hourly rates of $473.48 ($1251/.264) to $1,753.79 ($463/.264) for the type of work performed. The de facto rate of between $609.32 per hour (actual time spent) and $698.13 per hour (requested time) falls within this range, and is thus reasonable.
>
> The effectiveness of the Plaintiff's counsel is reflected in the thorough opening brief outlining a number of errors committed by the Commissioner.

*Id.* at 8-11 (citations omitted).

The undersigned agrees that, for the reasons that Mr. Kelly explains, the resulting hourly rate is reasonable under the circumstances of this case. And Mr. Kelly provided effective and efficient representation, expending almost 25 hours to reach a

favorable result. Given the lack of success at the administrative level, counsel's success appears to be attributable to his own work. Finally, while not determinative, the existence of a contingency fee agreement indicates that Plaintiff consented to the payment of a 25% fee. *See Jeter*, 622 F.3d at 381-82; *Hartz*, 2012 WL 4471846, at *6.

After weighing the relevant factors, the undersigned finds that the requested contingency fee award in the amount of $17,243.90 is reasonable under the circumstances of this case and should be awarded under Section 406(b).

Plaintiff was previously awarded attorneys' fees under the EAJA. *See* Dkt. No. 28. Given the overlap between the EAJA and Section 406(b) of the Social Security Act, "Congress harmonized fees payable by the Government under" these statutes by requiring that the attorney "refund to [Plaintiff] the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (citation omitted); *Rice v. Astrue*, 609 F.3d 831, 837-39 (5th Cir. 2010). Here, Mr. Kelly represents that, "[s]hould the Court grant this Motion, Kelly will, of course, promptly refund the amount of the lesser fee for the same services to Plaintiff as the law requires." Dkt. No. 29 at 12.

## Recommendation

The Court should (1) grant Plaintiff's counsel Michael T. Kelly's Motion for Attorney Fees Under Section 406(b) of the Social Security Act [Dkt. No. 29] and (2) award Mr. Kelly $17,243.90 in attorneys' fees to be certified for payment out of Plaintiff Julia M.'s past-due benefits under 42 U.S.C. § 406(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

7

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 14, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE